UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

Vs                                       No. 24-20214-01
                                       Hon. Susan K. DeClercq

FATIMA KADI-01
RAYMOND FAIR-02
              Defendants.

---

JEFFREY L. EDISON (P25912)
Attorney for Fatima Kadi
3434 Russell Street, Suite 104
Detroit, MI 48207
313.964.0400
jelee@ix.netcom.com

JASMINE A. MOORE (P82181)
SEAN L. KING
Assistant U.S. Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
313.226.9100
jasmine.moore@usdoj.gov

MOHAMMED NASSER (P74485)
Attorney for Raymond Fair
615 Griswold Street, Suite 400
Detroit, MI 48226
248.633.6767
mohammedazeemn@icloud.com

---

## EMERGENCY MOTION TO
## ADJOURN TRIAL DATE

    1.      On April 22, 2024, Fatima Kadi was initially arraigned on a multi-count

Indictment, which charged Counts One & Two, Wire Fraud, Count Three, Malicious Use

of Fire to Damage or Destroy a Building Used in Interstate Commerce, and Count Four,

False Statement to an Agency of the United States.

2.      On May 28, 2024, a multi-count Superseding Indictment was filed against Ms. Kadi, which charged:  Count One, Conspiracy to Commit Wire Fraud; Counts Two & Three, Wire Fraud; Count Four, Malicious Use of Fire to Damage or Destroy a Building Used in Interstate Commerce; and Count Five, False Statement to an Agency of the United States.

3.      Raymond Fair is also charged in the Superseding Indictment with Counts One, Two, Three, and Count Six, False Statement to an Agency of the United States.

4.      On August 21, 2024, pursuant to the Criminal Justice Act, Counsel was appointed to represent Ms. Kadi.

5.      On January 30, 2025, because of all parties' stipulation, this Court entered its Order to Continue the Final Pretrial Conference and Trial and to Find Excludable Delay, which scheduled the trial in this matter for June 2, 2025. (ECF No. 25, PageID.131)

6.      Counsel's trial calendar was free and clear to start Ms. Kadi's trial on June 2, 2025.

7.      On May 1, 2023, Counsel entered his Appearance, as co-counsel, to represent Honorable Demetria Brue, Judge of the Thirty-Six District Court for the City of Detroit, before the Michigan Judicial Tenure Commission (JTC), in Case No. FC 105.

8.      The allegations against Judge Brue arise from her interactions with a bicycle vendor on Mackinac Island, during a Judicial Conference, on August 19, 2019, prior to the Covid-19 Pandemic of 2020.

9.      The JTC did not file its Complaint, FC 105, against Judge Brue, until November 28, 2022.

10.     Judge Brue denies the allegations and has vigorously advocated her defense from the inception of FC 105.

11.     In a separate but related matter, the JTC filed a Complaint, FC 106, against Honorable Debra Nance, Judge of the 46th District Court for the City of Southfield, on December 19, 2022.

12.     Judge Nance denies the allegations and has vigorously advocated her defense from the inception of FC 106.

13.     On March 10, 2023, the Michigan Supreme Court appointed Honorable Alexander Lipsey, as the Master, to preside over both FC 105 and FC 106.

14.     Judge Brue raised as one of her Affirmative Defenses, that the JTC policies and practices between 2008 and 2022 have a discriminatory and disparate impact on African American judges as compared to white judges.

15.     On November 13, 2023, Judge Lipsey adjourned Judge Brue's hearing ". . . until such time as the Michigan Judicial Tenure Commission (JTC) completes an independent audit to assess the racial disparity that the Association of Black Judges of Michigan (ABJM) and the BWLAM have identified in their correspondence to the Michigan Supreme Court." **Exhibit A**

16.     On December 21, 2023, the Michigan Supreme Court ordered the JTC to "enter into a contract with an independent auditor to conduct a review of all requests for investigation filed between 2008 and 2022." **Exhibit B**

17.    The JTC retained the National Center for State Courts (NCSC) to conduct the audit of the JTC; and the NCSC released its preliminary Michigan Judicial Tenure Commission Equity Report, in August 2024.

18.    In December 2024, the NCSC notified the JTC that the NCSC's final report would not be completed until July 2025.

19.    On January 13, 2025, the JTC entered an order, directing "the Master to conduct the public hearing in FC 105 . . . to commence April 7, 2025 . . ." **Exhibit C**

20.    On January 30, 2025, Justice Cavanagh, in her concurring opinion regarding JTC Complaint FC 106, stated, ". . . I remind the JTC that the master, whom this Court appointed to "conduct the hearing" in this matter, MCR 9.231(A), has the sole authority to "set a time and place for the hearing," MCR 9.231(B) ("The master shall set a time and a place for the hearing . . . The master shall rule on all motions and procedural matters incident to the complaint, answer, and hearing.") **Exhibit D**

21.    On February 14, 2025, Judge Lipsey granted Judge Brue's Motion to Reinstate the Stay entered on November 13, 2023, and ordered that the Stay ". . . remain in effect pending issuance of the National Center for State Court's final report." **Exhibit E.**

22.    On March 13, 2025, in FC 105 and FC 106, the Michigan Supreme Court ordered ". . . the Master to promptly set a date for the public hearing such that the completion of the hearing procedure takes place by July 1, 2025." **Exhibit F**

23.    On March 27, 2025, Judge Lipsey ordered that ". . . the hearings on FC 105 and FC 106 shall proceed consecutively, beginning with FC 105, and continuing

with the commencement of FC 106 immediately upon completion of the hearing in FC 105, such that both hearings will be completed by July 1, 2025; and . . . that the parties and their counsel shall convene to discuss their schedules and select mutually convenient dates for both hearings and provide those dates to the Court as soon as possible." **Exhibit G**

24.     Counsel has diligently engaged discussions with his co-counsel for Judge Brue, counsels for the JTC, the Assistant U.S. Attorney in the present case, and counsel for Raymond Fair in the present case, to reconcile this Court's order for the present trial date of June 2, 2025, with the Michigan Supreme Court's and Judge Lipsey's orders to complete the hearings in FC 105 and FC 106 before July 1, 2025.

25.     These discussions have not resulted in a hearing date for Judge Brue that would comply with the Michigan Supreme Court's and Judge Lipsey's orders, due to various parties' trial schedule commitments.

26.     Counsel's trial, professional, and personal calendars, were based on the reasonable expectation that Judge Brue's proceedings were stayed until the completion of the MCSC's audit of the JTC, which is projected to be final in July 2025; and that Judge Brue's public hearing would not be set until after prehearing motions were argued based on the findings of the NCSC's final report.

27.     Counsel will be out of the country during July and August 2025.

28.     Counsel requests this Court to adjourn the present trial date of June 2, 2025, to a date in September 2025 or later, because the ends of justice served by the

granting of this continuance outweigh the best interests of the public and Ms. Kadi in a speedy trial.

29.     Counsel for Raymond Fair does not object to an adjournment of the trial to September 2025 or later.

30.     Counsel sought concurrence in this adjournment with the Assistant U.S. Attorney, who does not object to changing the June 2, 2025, trial date but objects to an adjournment of the trial to September 2025 or later.

WHEREFORE Fatima Kadi prays that this Court grant her Emergency Motion to Adjourn Trial Date.

Respectfully submitted,

/s/ Jeffrey L. Edison
Jeffrey L. Edison (P25912)
Attorney for Fatima Kadi
3434 Russell Street, Suite 104
Detroit, MI 48207
313.964.0400
jelee@ix.netcom.com

Dated:  April 1, 2025

## CERTIFICATE OF SERVICE

I certify that on April 1, 2025, I electronically filed the foregoing Emergency Motion to Adjourn Trial Date with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties.


/s/ Jeffrey L. Edison

# EXHIBIT A

STATE OF MICHIGAN
IN THE SUPREME COURT

COMPLAINT AGAINST

Hon. Demetria Brue                                    Docket No. FC 105
Thirty-Sixth District Court, Detroit Michigan

_____/

## ORDER

At a hearing before the Special Master
On Wednesday, November 1, 2023

PRESENT: Hon. Alexander Lipsey
Special Master

At the motion hearing held on November 1, 2023 via Zoom, Judge Alexander Lipsey appointed as Special Master decided pending motions as follows:

1)    THE COURT DENIED the motion filed by the Black Women Lawyers Association of Michigan (BWLAM) seeking approval to file an amicus brief in support of Respondent Demetria Brue's motion to adjourn.

2)    THE COURT GRANTED Respondent Brue's motion to adjourn the hearing on the charges of misconduct which previously had been scheduled for November 1, 2023. The motion was granted pursuant to MCR 2.503(B)(1) for good cause and MCR 2.503(C)(2) and (3) unavailability of evidence Respondent Brue seeks in order to defend herself in this case.

3) THE COURT adjourned the hearing on misconduct charges in this matter, until such time as the Michigan Judicial Tenure Commission (JTC) completes an independent audit to assess the racial disparity that the Association of Black Judges of Michigan (ABJM) and the BWLAM have identified in their correspondence to the Michigan Supreme Court.

4) THE COURT ORDERS that Disciplinary Counsel and Respondent Brue's Counsel shall submit a joint report to Special Master, Judge Lipsey on February 1, 2024 to update him on the status of the independent audit to assess the racial disparity that the ABJM and the BWLAM have identified in their correspondence to the Michigan Supreme Court.

5) THE COURT ORDERS that on April 1, 2024, Special Master, Judge Lipsey will hold, via Zoom, a pretrial hearing for the purpose of being updated on the status of the JTC's independent audit (as referenced in paragraphs 3 and 4 above) and scheduling any further hearing dates as may be necessary.

6) THE COURT FURTHER ORDERS that in the event the JTC's independent audit (as referenced in paragraph 3 and 4 above) is completed prior to either the dates of February 1, 2024 or April 1, 2024, Disciplinary Counsel and Respondent Brue's Counsel shall file a joint report with Special Master, Judge Lipsey so informing him.

Dated: 11/13/23

_____
Hon. Alexander Lipsey
Special Master

ATTORNEY SIGNATURES BELOW

2

Approved as to form:

/s/ Philip J. Thomas  11-3-23

Philip J. Thomas  (P31298)
Co-Counsel for Hon. Demetria Brue
18720 Mack Ave., Ste. 240
Grosse Pointe Farms, MI 48236
philipjthomas@aol.com

/s/ Lynn Helland  11-3-23

Lynn Helland (P32192)
Disciplinary Counsel
3034 W. Grand Boulevard, Ste 8-350
Detroit, Michigan  48202
hellandl@courts.mi.gov

/s/ Jeffrey L. Edison   11-3-23

Jeffrey L. Edison  (P25912)
Co-Counsel for Hon. Demetria Brue
3434 Russell St., Ste. 104
Detroit, MI  48207
jelec@ix.netcom.com

3

# EXHIBIT B

# Order

Michigan Supreme Court
Lansing, Michigan

December 21, 2023

Elizabeth T. Clement,
Chief Justice

ADM File No. 2023-32

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden,
Justices

Administrative Order No.
2023-2

_____

2023-2 – Independent Audit of the Judicial Tenure Commission

On June 13, 2023, the Judicial Tenure Commission announced its intention to undergo an "independent review of the racial composition of the judges about whom the Commission receives complaints, and the Commission's dispositions of those complaints, for the period 2008 through 2022." The Commission's press release stated:

> Though the Commission believes its case dispositions show no actual or deliberate racial disparity, the Commission recognizes that this is a very important issue and that the public will have more faith in the fairness of its decisions if their racial composition is reviewed by an independent auditor. Of course, if an independent auditor identifies an actual racial disparity in the Commission's actions that we have overlooked and that is not explained by the choices made by the judges under investigation, the Commission certainly wants to know about that and understand the reasons for it.

However, under MCR 9.261, the files of the Judicial Tenure Commission are confidential and absolutely privileged from disclosure, effectively preventing an independent audit. Nonetheless, Const 1963, art 6, § 30 establishes the Judicial Tenure Commission and provides this Court with the authority to make rules to implement this constitutional provision and provide for confidentiality and privilege of its proceedings.

The Commission has requested that this Court authorize disclosure of otherwise confidential and privileged information to facilitate the independent audit.

Accordingly, to facilitate the independent audit that the Judicial Tenure Commission has committed to undertaking, this Court authorizes the Commission to disclose otherwise confidential and privileged information in its files only as necessary to complete the independent audit and subject to the following conditions:

1) Within four (4) months of the date of this order, the Judicial Tenure Commission must enter into a contract with an independent auditor to conduct a review of all requests for investigation filed between 2008 and 2022. The contract is subject to the State Court Administrator's approval for compliance with the requirements of this order.

   a. For purposes of this order, the term "independent" is defined as an entity that does not currently have active contracts or engagements with the Judicial Tenure Commission and does not receive the majority of its funding from the Judicial Tenure Commission, Michigan Supreme Court, State Court Administrative Office, or the State of Michigan.

   b. For purposes of this order, the term "review" is defined as a quantitative and, if warranted, qualitative assessment of every point in the Judicial Tenure Commission's decision-making process.

2) If feasible, the auditor must have experience conducting audits related to perceived racial disparities. If no such auditor is available, the Judicial Tenure Commission must engage a consultant who can assist an auditor without such experience.

3) The Judicial Tenure Commission must enter into a binding non-disclosure and confidentiality agreement with the selected independent auditor and any consultant engaged under paragraph 2, to ensure the confidentiality and privilege of the Commission's records are preserved.

4) The Judicial Tenure Commission must share the results of the independent auditor's review with the Michigan Supreme Court no later than one year from the date of this order.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 21, 2023                    

                                              Clerk

# EXHIBIT C

STATE OF MICHIGAN
BEFORE THE JUDICIAL TENURE COMMISSION

COMPLAINT AGAINST:

HON. DEMETRIA BRUE
36th District Court
Detroit, Michigan

Docket No. 165049
Formal Complaint No. 105

**ORDER OF THE JUDICIAL TENURE COMMISSION**

At a session of the Michigan Judicial
Tenure Commission, Detroit, Michigan, on
January 13, 2025,

PRESENT[1]:

Hon. Thomas C. Cameron, Vice-Chairperson
Hon. Brian R. Sullivan, Secretary
Mr. James W. Burdick, Esq
Hon. Monte J. Burmeister
Dr. Maxine Hankins Cain
Siham Awada Jaafar
Hon. Qiana D. Lillard

**Background**

I.    **Instituting the FCs and Appointing the Master.**

Formal Complaint ("FC") 105 as to Respondent, the Hon. Demetria Brue, was instituted

on November 28, 2022. FC 106 as to Respondent, the Hon. Debra Nance, was instituted on

December 19, 2022. According to the formal complaints, FC 105 and FC 106 are related insofar

as the underlying events giving rise to each complaint arose out of the same incident. The basic

incident involved a dispute with the proprietor of a bike rental shop, Mr. Ira Green, over

Respondents' bike rentals on August 20, 2019 during the time the two Respondents were attending

a judicial conference on Mackinac Island.

---

[1] Chairperson Thomas J. Ryan, Esq. and commissioner Judge Pablo Cortes are recused and,
accordingly, did not participate in this order.

1

On March 10, 2023, the Supreme Court entered orders in both FC 105 and FC 106 appointing Hon. Alexander Lipsey as the master ("Master") to preside over those Formal Complaints (numbers 105 and 106).

## II.    Competing Motions to Consolidate Versus to Stay or Adjourn.

Disciplinary Counsel filed a "Motion to Consolidate Hearings for FCs 105 & 106" on the ground they were related, including the fact they arose out of the same incident and had overlapping witnesses. Respondents filed competing motions for "Adjournment/Stay" of the proceedings. The Master denied consolidation of FC 105 and FC 106 and granted indefinite adjournments of FC 105 and FC 106, pending the conclusion of a statistical audit of the Commission's matters being conducted by the National Center for State Courts (NCSC).

## III.    The Commission Directed the Hearing in FC 106 to Begin.

In FC 106, Respondent Nance filed a motion to dismiss the FC. The Master made an interlocutory recommendation to the Commission under MCR 9.231(B) that it grant the motion. The Commission reviewed the recommendation and rejected it. On September 16, 2024, the Commission issued its "Decision (1) Rejecting Master's Interlocutory Recommendation to Grant Respondent's Dispositive Motion; and (2) Directing the Master to Conduct the Public Hearing" (the Commission's "Decision") as required by MCR 9.231(A). That Decision provided:

> The Commission notes that the Master has both (1) denied consolidation of this matter with FC 105; and (2) stayed both proceedings indefinitely pending the resolution of a separate audit of the Commission. The result is that both FC 105 and 106 are indefinitely paused, which runs afoul of MCR 9.231(A) requiring the Master to "conduct the hearing *within a reasonable period of the date of the petition*" for appointment of the master and to "*establish a date for completion of the hearing procedure.*" (emphasis added). Therefore, pursuant to MCR 9.243, the Commission directs the Master to conduct the public hearing in this matter to commence February 3, 2025, at 9:30 a.m. at Farmington Hills District Court (D47), 31605 W Eleven Mile Rd, Farmington Hills, MI 48336, and continue thereafter until complete, at which evidence is to be taken in support of the charges set forth in the Amended FC consistent with MCR 9.233(A), and to allow for development

2

of any defenses Respondent may have to the claims made in the Amended FC. The Master shall enter an order to this effect, and the order shall be sent to the Respondent at least 14 days before the hearing. MCR 9.243. (emphasis in original).

## IV.   Continued Motion Practice Since the Commission's Decision.

The February 3, 2025, Hearing in FC 106 is approaching and the parties have filed several motions, before both the Master and the Commission. In FC 106, Disciplinary Counsel filed a motion to strike disciplinary counsel attorneys Helland and Weingarden from Respondent Judge Nance's witness list. Respondent Judge Nance filed three motions, including (1) a renewed motion to stay the proceeding pending the NCSC's audit; (2) to adjourn the hearing; and (3) a motion *in limine* seeking to exclude certain evidence. In FC 105 and FC 106, Disciplinary Counsel filed a motion to coordinate (as the motion to consolidate had been denied by the Master) the Hearings for FC 105 and FC 106, since FC 106 was scheduled for Hearing on February 3, 2025 pursuant to the Commission's September 16, 2024, Decision.

On January 6, 2025, the Master held a hearing on these motions and issued five (5) Orders in FC 106. The Master (1) denied Respondent Nance's motion to stay pending the NCSC Audit; (2) denied Respondent Nance's motion to adjourn the February 3, 2025, Hearing; (3) granted Disciplinary Counsel's motion to strike disciplinary counsel lawyers from Respondent's witness list; (4) granted in part and denied in part Respondent Nance's motion *in limine*, and held that "Disciplinary Counsel's proofs will be limited to establishing Respondent Nance's statements and/or conduct at the time of the event on Mackinac Island conflict or contradict her testimony given during the subsequent investigation," and "[t]o the extent the proofs extend beyond evidence of her statements and/or conduct, Respondent's Objections are SUSTAINED;" and (5) ordered the Hearing to commence on February 3, 2025, as directed by the Commission.

Disciplinary Counsel filed before the Commission a motion entitled "Emergency Motion

to Compel Compliance With the Commission's September 16, 2024 Decision." Respondents in both FC 105 and FC 106 filed objections and responses to this motion, which included Respondent Nance's affirmative requests for "relief pursuant to MCR 9.211(D)" and "reconsideration of stay pending NCSC Audit."

## Authority of the Commission

A quorum of the Judicial Tenure Commission of the State of Michigan convened on January 13, 2025 and pursuant to the authority of the Commission under Article 6, § 30 of the Michigan Constitution of 1963, as amended, MCR 9.231(A)-(B), MCR 9.233(A) and (C), and MCR 9.243, concludes:

## ORDER

The Commission, having reviewed all of the briefing on the motions that the Master considered at the January 6, 2025, hearing, the transcript of that hearing, the Master's Orders that followed the January 6, 2025, hearing, Disciplinary Counsel's Emergency Motion to Compel Compliance With the Commission's September 16, 2024 Decision, and the responses and objections to that motion filed by Respondents in both FC 105 and FC 106, including Respondent Nance's requests for affirmative relief, and the Commission being otherwise fully advised in the premises, the Commission hereby ORDERS:

1. All requests for affirmative relief made by any party to the Commission are DENIED. *See* MCR 9.231(B).

2. The Commission, on its own initiative, pursuant to MCR 9.243, directs the Master to conduct the public hearing in FC 105 with respect to Respondent Judge Brue in accordance with MCR 9.233, to commence April 7, 2025, at 9:30 a.m. at Farmington Hills District Court (D47), 31605 W Eleven Mile Rd, Farmington Hills, MI 48336, and continue thereafter until complete, at

4

which time and place evidence is to be taken in support of the charges set forth in the operative FC, as amended, consistent with MCR 9.233(A), and to allow for development of any defenses Respondent may have to the claims made in the operative FC, as amended.

3. The Hearings in both FC 105 and FC 106 shall, in all respects, be conducted as required under MCR 9.200, *et seq.*, including, but not limited to, "[t]he proceedings at the hearing must be recorded by stenographic or mechanical means" and, "[i]f the master declines to admit evidence, *a separate record shall be made so that the commission and/or the court may consider that evidence and determine whether to include it in the record.*" MCR 9.233(C) (emphasis added).

4. To the extent that any existing decision or order of the Master conflicts with this Order, this Order controls.

IT IS HEREBY ORDERED BY:

### JUDICIAL TENURE COMMISSION

*/s/ Hon. Thomas C. Cameron*
HON. THOMAS C. CAMERON
Vice-Chairperson

*/s/ Hon. Brian R. Sullivan*
HON. BRIAN R. SULLIVAN
Secretary

*/s/ James W. Burdick*
JAMES W. BURDICK, ESQ

*/s/ Hon. Monte J. Burmeister*
HON. MONTE J. BURMEISTER

*/s/ Dr. Maxine Hankins Cain*
DR. MAXINE HANKINS CAIN

*/s/ Siham Awada Jaafar*
SIHAM AWADA JAAFAR

*/s/ Hon. Qiana D. Lillard*
HON. QIANA D. LILLARD

5

# EXHIBIT D

# Order

**Michigan Supreme Court**
Lansing, Michigan

January 30, 2025

168031 & (3)

Elizabeth T. Clement,
*Chief Justice*

Brian K. Zahra
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas,
*Justices*

DEBRA NANCE, JUDGE,
    Plaintiff,

v

JUDICIAL TENURE COMMISSION,
    Defendant.

SC: 168031
JTC: Formal Complaint No. 106

_____/

    On order of the Court, the motion for immediate consideration is GRANTED. The complaint for superintending control is considered, and relief is DENIED, because the Court is not persuaded that it should grant the requested relief.

    CAVANAGH, J. (*concurring*).

    I agree with the majority's decision to deny plaintiff's complaint for superintending control, and I concur to clarify that superintending control is only proper when another adequate remedy is not available to the party seeking the order. See MCR 3.302(B). In this case, this Court "shall review the record of the proceedings and . . . may accept or reject the recommendations of the [Judicial Tenure Commission (JTC)] or modify the recommendations by imposing a greater, lesser, or entirely different sanction. When appropriate, the Court may remand the matter to the [JTC] for further proceedings, findings, or explication." MCR 9.252(A). This includes the authority to remand the matter to the JTC for further proceedings regarding a National Center for State Courts audit report.

    Even though superintending control is improper in this instance, I remind the JTC that the master, whom this Court appointed to "conduct the hearing" in this matter, MCR 9.231(A), has the sole authority to "set a time and place for the hearing," MCR 9.231(B) ("The master shall set a time and a place for the hearing . . . . The master shall rule on all motions and other procedural matters incident to the complaint, answer, and hearing."). Further, any reliance on MCR 9.243 to order the master to proceed with the initial public hearing on February 3, 2025, is misplaced because MCR 9.243 only authorizes the JTC to order a hearing before itself or the master for the taking of *additional* evidence. See MCR

9.243 ("The [JTC] may order a hearing before itself or the master for the taking of *additional* evidence at any time while the complaint is pending before it.") (emphasis added). The inclusion of the word "additional" is significant because it presupposes that the initial public hearing has already occurred, i.e., that "evidence" has already been taken.

For those reasons, I concur in the denial of plaintiff's complaint for superintending control and otherwise advise the parties to proceed in accordance with the applicable court rules.

BOLDEN, J., did not participate.



a0129

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 30, 2025



Clerk

# EXHIBIT E

**STATE OF MICHIGAN**
**BEFORE THE JUDICIAL TENURE COMMISSION**

COMPLAINT AGAINST

Hon. Demetria Brue
Thirty-Sixth District Court, Detroit Michigan                    Docket No. FC 105

_____/

## ORDER

At a hearing before the Special Master
On Thursday, February 13, 2025

PRESENT: <u>Hon. Alexander Lipsey</u>
Special Master

At the motion hearing held on February 13, 2025 via Zoom, Judge Alexander Lipsey, appointed as Special Master by the Michigan Supreme Court, decided pending motions as follows:

1)    **IT IS ORDERED THAT** the Motion filed by the Black Women Lawyers Association of Michigan (BWLAM) seeking approval to file an Amicus Curiae brief is **DENIED.**

2)    **IT IS FURTHER ORDERED THAT** Respondent Demetria Brue's, Motion/Brief before the Master Requesting that he Reinstate the Stay entered on November 13, 2023, is **GRANTED** and will remain in effect pending issuance of National Center for State Courts' final report.

Dated:  2 / 14 / 25

Hon. Alexander Lipsey
Special Master

# EXHIBIT F

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 13, 2025

165049

Elizabeth T. Clement,
Chief Justice

Brian K. Zahra
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas,
Justices

IN THE MATTER OF

DEMETRIA BRUE, JUDGE
36TH DISTRICT COURT

SC: 165049
Formal Complaint No. 105

BEFORE THE JUDICIAL TENURE COMMISSION

_____/

On the Court's own motion and pursuant to MCR 9.231(A), we ORDER the Master to promptly set a date for the public hearing such that the completion of the hearing procedure takes place by July 1, 2025.

BOLDEN, J., not participating.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 13, 2025



a0311

Clerk

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 13, 2025

Elizabeth T. Clement,
Chief Justice

165115

Brian K. Zahra
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas,
Justices

IN THE MATTER OF

DEBRA NANCE, JUDGE
46TH DISTRICT COURT

SC: 165115
JTC Formal Complaint 106

BEFORE THE JUDICIAL TENURE COMMISSION

_____/

On the Court's own motion and pursuant to MCR 9.231(A), we ORDER the Master to promptly set a date for the public hearing such that the completion of the hearing procedure takes place by July 1, 2025.

BOLDEN, J., not participating.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 13, 2025

Clerk

a0312

# EXHIBIT G

STATE OF MICHIGAN
BEFORE THE MICHIGAN JUDICIAL TENURE COMMISSION

COMPLAINT AGAINST

Hon. Demetria Brue                                          FC 105
Thirty-Sixth District Court
Detroit Michigan

_____/

## ORDER

At a hearing before the Special Master
On Thursday, March 27, 2025
PRESENT: Hon. Alexander Lipsey
Special Master

The Court, having reviewed Disciplinary Counsel's Motion to Coordinate, Respondent Hon. Debra Nance's response, having heard oral argument from all parties via Zoom on March 27, 2025, and being otherwise advised in the premises, orders as follows:

IT IS ORDERED that Disciplinary Counsel's Motion to Coordinate is granted in part;

IT IS FURTHER ORDERED that the hearings on FC 105 and FC 106 shall proceed consecutively, beginning with FC 105, and continuing with the commencement of FC 106 immediately upon completion of the hearing in FC 105, such that both hearings will be completed by July 1, 2025;

IT IS FURTHER ORDERED that the parties and their counsel shall convene to discuss their schedules and select mutually convenient dates for both hearings and provide those dates to the Court as soon as possible. To the extent the parties and their counsel are unable to agree on hearing dates, they shall request that the Court

schedule a status conference for the purpose of scheduling hearing dates;

   IT IS SO ORDERED.


                                        BY:

                                        _Alexander C. Lipsey_ (signature)
                                        Hon. Alexander C. Lipsey


Approved as to form
/s/_____
Philip J. Thomas  (P31298)
Co-Counsel for Hon. Demetria Brue
18720 Mack Ave., Ste. 240
Grosse Pointe Farms, MI 48236


/s/ Jeffrey L. Edison  1/24/2025
Co-Counsel for Hon. Demetria Brue
3434 Russell St., Ste. 104
Detroit, MI  48207


/s/Kevin B. Hirsch_____
Kevin B. Hirsch (P58757)
Lora Weingarden (P37970)
Nichollette Hoard (P80552)
Judicial Tenure Commission
Disciplinary Counsel
3034 W. Grand Boulevard, Ste. 8-350
Detroit, MI  48202

2